UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN GREGORY GRAVERSON,

    Plaintiff,

v.                                  Case No.: 2:18-cv-228-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff John Gregory Graverson's Complaint, filed on April 6, 2018. (Doc. 1). Plaintiff seeks judicial review of the decision of the Social Security Administration ("SSA"), finding that he – as a representative payee for his son, A.G. – received an overpayment of his son's Supplemental Security Income ("SSI") benefits and was denied a request for a waiver of the overpayment of these SSI benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. The parties have consented to proceed before a Magistrate Judge. (Doc. 14). For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Procedural and Factual Background**

Plaintiff received a period of disability and disability insurance benefits beginning on February 8, 1977. (Tr. at 14, 231). On September 9, 1988, the SSA notified Plaintiff by notice that he was no longer considered disabled. (*Id.* at 231). Plaintiff filed a request for hearing. (*Id.*). A July 21, 1989 decision affirmed the termination of benefits. (*Id.*). The Appeals Council

vacated that decision and remanded the case to an Administrative Law Judge ("ALJ") for a number of reasons not pertinent to this action. (*Id.* at 231-32). On April 8, 1991, ALJ Wallace Tannenbaum entered a decision that found Plaintiff's medical condition improved. (*Id.* at 234). ALJ Tannenbaum found that beginning on September 1, 1988, Plaintiff's disability ceased and he was able to perform a full range of sedentary work. (*Id.* at 235). Thus, ALJ Tannenbaum determined that the last month Plaintiff was entitled to receive benefits was November 1988. (*Id.* at 231).

While the above administrative process continued, on January 26, 1989, Plaintiff applied for Child Insurance Benefits for his son, A.G. (*Id.* at 203-7). On October 9, 1989, SSA sent Plaintiff "For [A.G.]" a letter that informed him as follows:

> We have determined that John Graverson is no longer disabled under the Social Security Law. As a result of this decision, the last month for which benefits may be paid on this claim is October 1988.
>
> You will be notified at a later date if an underpayment or overpayment of benefits exists on your claim.
>
> If you have any questions about your claim, you may get in touch with any Social Security office. Most questions can be handled by telephone or mail. If you visit an office , however, please take this notice with you.

(*Id.* at 209).

Over six (6) years later on October 21, 1996, SSA sent to Plaintiff "For [A.G.]" a letter that informed Plaintiff that A.G. "no longer qualified for child's benefits effective December 1988, the same month John Graverson's benefits should have cearsed [sic]." (*Id.* at 217).[1]

On January 31, 1997, Plaintiff's counsel sent a letter to SSA informing them that he represents Plaintiff and that Plaintiff, and not counsel, "received a statement, dated January 15,

---

[1] The Transcript contains only the first page of this letter. (Tr. at 217).

2

1997, indicating the Administration was seeking repayment of $64,796.50." (*Id.* at 222). Counsel claimed that Plaintiff never received ALJ Tannenbaum's April 8, 1991 decision denying Plaintiff continued disability benefits and requested review of that decision. (*Id.* at 222-23). On August 7, 1997, the Appeals Council dismissed Plaintiff's request for review of the April 8, 1991 decision. (*Id.* at 237). The Appeals Council found no good cause to extend the time for filing an appeal and dismissed the request for review. (*Id.* at 237-38). Plaintiff appealed the August 7, 1997 decision of the Appeals Council and upon stipulation of the parties, the presiding District Judge remanded the action to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g). (*Id.* at 241). No further action occurred in that case.

In May 2011, Plaintiff applied for Retirement Insurance Benefits ("RIB"). (*Id.* at 21-22). In a letter dated January 14, 2013, SSA informed Plaintiff that it paid Plaintiff $54,932.00 too much in Social Security benefits. (*Id.* at 23-26). This letter states, "[w]e terminated your disability benefits in December 1988 because of your substantial and gainful work activity. During that time [A.G.] was not due these benefits beginning December 1988 through September 1996. As representative payee, you are personally liable for repayment." (*Id.* at 23). The letter further states that because SSA cannot recover the overpayment from "the person who was overpaid," then it "will withhold the money from the checks of other persons who are paid on the same Social Security record." (*Id.*). Plaintiff requested reconsideration of this decision and on November 18, 2013, SSA found after review that the overpayment determination was correct. (*Id.* at 32-36). The letter indicated that Plaintiff was overpaid "due to your substantial gainful activity for months beginning December 1988 through September 1996." (*Id.* at 35).

Plaintiff requested a hearing before an Administrative Law Judge on December 6, 2013. (*Id.* at 39). Plaintiff also submitted a Request for Waiver of Overpayment on April 28, 2015.

3

(*Id.* at 98-105). On June 15, 2015, ALJ T. Whitaker held a hearing. (Tr. at 283-387). On September 25, 2015, ALJ Whitaker issued an unfavorable decision, finding that the "[r]ecovery of the overpayment is not waived, and the claimant is liable for repayment of the overpayment of $54,932.00 during the period of December 1, 1988 to September 1, 1996." (*Id.* at 20). On February 6, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 7-10). The decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Summary of ALJ's Decision

ALJ Whitaker provided a summary of the procedural history of the case. (*Id.* at 14-18). ALJ Whitaker then made the following three (3) determinations. First, ALJ Whitaker found that Plaintiff was overpaid benefits in the amount of $54,932.00 during the period from December 1, 1988 to September 1, 1996. (*Id.* at 18). Second, ALJ Whitaker found Plaintiff was Not "without fault" in causing the overpayment. (*Id.* at 19). Third, ALJ Whitaker found that recovery of the overpayment was not waived and that Plaintiff is liable for repayment for the overpayment of $54,932.00 during the period from December 1, 1988 to September 1, 1996. (*Id.* at 20).

ALJ Whitaker also found that Plaintiff's attorney did not dispute whether Plaintiff was overpaid the benefits or the amount of overpayment, and specifically stated that Plaintiff and Plaintiff's attorney were not challenging the overpayment itself, and were only seeking a waiver of the overpayment. (*Id.* at 18).

## III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial

4

evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## IV. Analysis

On appeal, Plaintiff raises two (2) issues. As stated by the parties, they are:

(1) Whether substantial evidence supports the ALJ's decision that Plaintiff was not "without fault" in accepting an overpayment of benefits to his son.

(2) Whether the record is adequate to support ALJ Whitaker's conclusions.

(Doc. 26 at 23, 39). The Court addresses these issues in turn.

### A. Issue Before the Court

To be clear, with regard to the overpayment, the only issue before the Court for judicial review is whether Plaintiff is eligible for a waiver of recovery of overpayment. Here, Plaintiff did not contest the amount of overpayment or that he received these payments. In the Notice of Hearing before ALJ Whitaker, the ALJ stated:

> The issue to be determined is whether you were "without fault" as defined in Social
> Security 404.507 [sic] in causing the overpayment of $42,577.00 during the period
> 12/1988 through 9/1996 and if so, whether recovery of the overpayment would:
>   3. Defeat the purpose of Title II of the Act, as defined in Social
>      Security Regulation 404.508 [sic]; or
>   4. Be against equity and good conscience as defined in Social Security
>      Regulation 404.509 [sic][.]

(Tr. at 68). At the hearing before ALJ Whitaker, she reiterated the language of the Notice and asked counsel if that is what he understood the issues to be. (*Id.* at 288). Counsel responded, "yes." (*Id.*). In addition, ALJ Whitaker asked whether Plaintiff was challenging the overpayment itself, and counsel responded "no, Your Honor, we're seeking a waiver . . . of the overpayment." (*Id.* at 288-89). Thus, the only issue before the Court is whether Plaintiff is entitled to a waiver of recovery of overpayment.

### B. Whether Substantial Evidence Supports the ALJ's Decision that Plaintiff Was Not "Without Fault"

Plaintiff argues that ALJ Whitaker's decision lacks clearly articulable reasons for determining Plaintiff is not "without fault." (Doc. 26 at 28-29).

The Commissioner contends that Plaintiff was aware that he was not entitled to benefits and knew or could have been expected to know that his son's entitlement to benefits also ceased. (*Id.* at 37).

#### 1. Legal Standard

Generally, the Commissioner is required to recover overpaid disability insurance benefits as well as child insurance benefits. *See* 42 U.S.C. § 404(a)(1)(a); 20 C.F.R. § 404.501(a). If an individual is overpaid, he or she may request a waiver of recovery of overpayment. 20 C.F.R. § 404.506(b). Pursuant to 42 U.S.C. § 404(b)(1):

> In any case in which more than the correct amount of payment has been made, there
> shall be no adjustment of payments to, or recovery by the United States from, any

> person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

*See also* 20 C.F.R. § 404.506(a).

Thus, the Commissioner utilizes a two-prong test to determine if waiver of recovery of an overpayment is appropriate: (1) whether the overpaid individual was without fault in connection with the overpayment; and (2) if so, whether recovery would either defeat the purposes of Title II of the Act or be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506(a).

The burden is on the overpaid individual to prove entitlement to a waiver of recovery of overpayment. *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982); *Newberger v. Comm'r of Soc. Sec. Admin.*, 293 F. App'x 710, 711 (11th Cir. 2008) ("A social security claimant who requests a waiver of recovery of an overpayment of benefits must provide information to support her claim that she is 'without fault in causing the overpayment' and that recovery would either defeat the purpose of Title II of the Social Security Act or be against equity and good conscience.").

Fault as used in "without fault" in the Regulations applies only to the individual and not to the SSA, even if the SSA may have been at fault in making the overpayment. 20 C.F.R. § 404.507. Even if the SSA is at fault, this does not relieve the overpaid individual (or the individual from whom the Administration seeks to recover the overpayment) from liability for repayment "if such individual is not without fault." *Id.* To determine whether an overpaid individual is without fault is a subjective determination that requires an ALJ to "consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has." *Id.* The Regulations provide that "fault" results from:

(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

*Id.*

The parties have not raised any issue under the first two prongs regarding fault, namely whether Plaintiff made an incorrect statement or whether Plaintiff failed to furnish information. *Id.* Instead, the only issue raised is whether Plaintiff "either knew or could have been expected to know" that the overpayment "was incorrect." *Id.*

### 2. ALJ Whitaker's Decision

ALJ Whitaker made three (3) findings in her decision. First, ALJ Whitaker determined that Plaintiff was overpaid benefits in the amount of $54,932.00 during the period from December 1, 1988 to September 1, 1996. (Tr. at 19). As stated above, this finding was not challenged by Plaintiff at the hearing and, thus, this finding stands.

The focus here is on ALJ Whitaker's second and third findings. Second, ALJ Whitaker determined that Plaintiff was not "without fault" in causing the overpayment. (*Id.*). Third, ALJ Whitaker determined that the recovery of the overpayment is not waived and Plaintiff is liable for repayment of the overpayment of $54,932.00 during the period from December 1, 1988 to September 1, 1996. (*Id.* at 19-20).

ALJ Whitaker determined that Plaintiff was not "without fault" for four (4) articulated reasons. (*Id.* at 19). First, ALJ Whitaker found Plaintiff not "without fault" based on the testimony of C. Mills, an SSA representative who testified at the hearing. (*Id.*). ALJ Whitaker found C. Mills' testimony persuasive and credible that Plaintiff "should have known based on

8

Judge Tannenbaum's decision that [Plaintiff] was no longer disabled but he still took the money for the son (See Exhibit 50 ). There was a Notice of Decision dated April 8, 1991 mailed to the claimant at his address (Exhibit 50/8). It was also sent to the claimant's representative who was an attorney. I find the expert's testimony persuasive and credible." (*Id.*). Further, ALJ Whitaker found Plaintiff's testimony not credible regarding the lack of receipt of ALJ Tannenbaum's decision dated April 8, 1991 that ceased Plaintiff's benefits as of November 1988. (*Id.*). ALJ Whitaker concluded that Plaintiff was not "without fault" because "[i]n addition, [Plaintiff] knew his son was receiving money on his record and he was his son's representative payee and continued to accept the payment" after receiving the Tannenbaum decision. (*Id.*).

Second, ALJ Whitaker concluded that "[t]he claimant was English speaking and of sufficient age, education and health to understand the overpayment." (*Id.*).

Third, ALJ Whitaker found as to Plaintiff's mental abilities:

> The claimant's contention that he was mentally confused and that SSA went to his wife is not credited and not supported by the evidence of record. The sequence of events shows the claimant was not confused. He understood, sought legal advice, and was represented by an attorney (See Exhibit 48). The claimant, by and through his attorney, told the SSA in a letter dated January 31, 1997, that any effort by the SSA to collect the monies owed by the claimant would be vigorously opposed (Exhibit 48). The claimant's attorney sent a copy of the aforementioned letter to the claimant. The claimant did accept the payment as representative payee and he knew or could have been expected to know it was incorrect.

(*Id.*).

Fourth, ALJ Whitaker found Plaintiff's wife's testimony not credible when she testified that Plaintiff did not understand. (*Id.*). ALJ Whitaker determined that the wife's testimony "was inconsistent with the other substantial evidence of record and the sequence of events. The claimant understood and sought legal advice. She testified that she remembers seeing a notice

9

indicating that there was an overpayment and she testified that it was the letter dated October 21, 1996 (Exhibit 2). She testified that as soon as they saw that letter, she told her husband, 'we need to get a lawyer.'" (*Id.*).

### 3. Discussion

ALJ Whitaker concludes that Plaintiff knew or could have been expected to know that because Plaintiff's own disability benefits terminated, his son's benefits also terminated. (*Id.*). Thus, ALJ Whitaker found that Plaintiff was not "without fault." (*Id.* at 19-20). The Court finds that this conclusion is not supported by substantial evidence.

The determination of whether a plaintiff is without fault in an overpayment context is a subjective one that requires the ALJ to consider all of the pertinent circumstances, including, an individual's age and intelligence, and any physical, mental, educational, or linguistic limitations. 20 C.F.R. § 404.507. ALJ Whitaker simply concludes that Plaintiff "was English speaking and of sufficient age, education[,] and health to understand the overpayment." (Tr. at 19).

However, Plaintiff testified that he has only a seventh-grade education. (*Id.* at 342). ALJ Whitaker did not discuss Plaintiff's limited education when reaching her conclusions. Without knowing whether ALJ Whitaker considered Plaintiff's limited education, the Court is unable to conduct a meaningful judicial review of ALJ Whitaker's opinion to determine if Plaintiff obtained a sufficient level of education to know or could have been expected to know that the overpayments here were incorrect. *See Robinson v. Astrue*, No. 8:08-CV-1824-T-TGW, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009).

In addition, ALJ Whitaker made credibility determinations to support her decision. "'A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.'" *Davis v. Astrue*, 346 F. App'x 439, 440 (11th Cir. 2009)

(quoting *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). However, if the ALJ fails to articulate sufficient reasons for discrediting subjective testimony, the testimony is accepted as true. *Id.* An "ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

ALJ Whitaker found Plaintiff not credible regarding his mental confusion. (Tr. at 19). Plaintiff was diagnosed with acute myelitic leukemia. (*Id.* at 343). Plaintiff received heavy doses of chemotherapy for treatment of this condition. (*Id.*). Plaintiff testified that he had mental side effects from this treatment, including memory loss and "chemo brain fog." (*Id.* at 344). Plaintiff also testified that there were many different side effects from the chemotherapy, including nausea. (*Id.*). Plaintiff further testified that he continues to have memory loss and mental fog from these treatments. (*Id.*).

ALJ Whitaker concluded that Plaintiff's allegation of mental confusion was not credible and not supported by evidence of record. (*Id.* at 19). ALJ Whitaker reached this conclusion by finding Plaintiff understood the "sequence of events," sought legal advice, and was represented by an attorney. (*Id.*). ALJ Whitaker relied on a letter from Plaintiff's attorney dated January 31, 1997 that stated that Plaintiff would vigorously oppose any overpayment. (*Id.*). The Court does not find a sufficient connection between Plaintiff seeking legal advice in 1997 and his mental abilities such that he would know or could have been expected to know during the relevant time period of the overpayment of benefits, especially in light of the record of his heavy chemotherapy treatments and related effects. The Court finds that substantial evidence does not support ALJ Whitaker's credibility conclusion as to Plaintiff's mental limitations during the

relevant time period. Moreover, ALJ Whitaker did not consider in combination Plaintiff's limited education and any mental limitations.

In sum, ALJ Whitaker appears to have presumed that if Plaintiff received ALJ Tannenbaum's 1991 decision denying his benefits and had the ability to hire an attorney, then Plaintiff knew or could have been expected to know that his son's payments were incorrect. (*Id.*). The Court finds that ALJ Whitaker did not articulate sufficient reasons for reaching these conclusions as to credibility and fault. ALJ Whitaker failed to discuss that Plaintiff had a seventh-grade education. Further, ALJ Whitaker failed to articulate substantial reasons to support her credibility determination that Plaintiff did not suffer from mental limitations such that he knew or could have been expected to know of the overpayments.[2]

The Court finds that ALJ Whitaker failed to consider all of the pertinent circumstances in this case, including but not limited to, Plaintiff's education, intelligence, subjective mental limitations, and the actual communications from the SSA to Plaintiff to support her finding that Plaintiff is not without fault in this case. The Court finds substantial evidence does not support ALJ Whitaker's decision that Plaintiff either knew or could have been expected to know that the overpayments for his son were incorrect.

## V. Remaining Issue

Plaintiff's remaining issue is whether the record is adequate to support ALJ Whitaker's conclusions. The Court notes that some documents referred to by ALJ Whitaker are not within

---

[2] The Court also notes that some of SSA's notifications contained potentially misleading statements concerning the reason Plaintiff's disability benefits ceased and/or did not clearly indicate that the information related to Plaintiff's son's benefits versus Plaintiff's benefits. (*See, e.g.*, Tr. at 23, 35-35, 209). Thus, with Plaintiff's limited education and mental limitations, ALJ Whitaker failed to consider Plaintiff's ability to understand these notices as a part of the pertinent circumstances in this case.

the record or missing pages. (*See, e.g.*, Tr. at 217, 221, 231 (referring to a September 9, 1988 notice)). Because the Court finds that on remand, the Commissioner must evaluate all pertinent circumstances in this case regarding the overpayment of benefits, the Court will also require the Commissioner to reevaluate whether the record is adequate.

## VI. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, it is hereby **ORDERED** that:

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to: (1) reconsider the evidence of record to determine if Plaintiff is without fault as to the overpayment at issue here and, if so, whether Plaintiff is entitled to a waiver of overpayment recovery; and (2) reevaluate whether the record as it stands is adequate.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on April 9, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties